# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Eric Maland,  )  )  Plaintiff,  )  )  v.  )  )  Andrew Saul,  )  Commission of Social Security  )  Administration,  )  )  Defendant.  )  _____ ) | Civil Action No.: 6:19-cv-03220-JMC  **ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 18, 2020. (ECF No. 22.) The Report addresses the Commissioner of Social Security Administration's ("the Commissioner") Motion to Remand (ECF No. 16) Plaintiff Eric Maland's ("Plaintiff") claim for disability insurance benefits ("DIB") for further administrative proceedings. (ECF No. 22.) For the reasons stated herein, the court **ACCEPTS** the Report and **GRANTS** the Commissioner's Motion to Remand (ECF No. 16).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 22.) As brief background, Plaintiff filed an application for DIB on March 11, 2013 that was denied at the initial level of review and on reconsideration. (*Id.* at 1.)

After a hearing was held on November 14, 2014, an administrative law judge ("ALJ") issued a decision on February 5, 2015 finding that Plaintiff was not disabled. (*Id.*) On Plaintiff's request, the Appeals Council reviewed the ALJ's decision and remanded the case back to the ALJ. (*Id.* at 1-2.)

1

A second hearing was held on August 10, 2016, and on November 21, 2016, an ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work limited to simple, repetitive tasks with only occasional public contact. (*Id.* at 2.) The Appeals Council denied Plaintiff's request for review of the decision on May 31, 2017. (*Id.*)

Plaintiff subsequently filed an action in the Northern District of California for judicial review. (*Id.*) In that action, the court granted the parties' stipulation for voluntary remand for further administrative proceedings on May 15, 2018. (*Id.*) An ALJ held a hearing on Plaintiff's claim on July 2, 2019 and issued a decision on July 24, 2019 denying Plaintiff's claim. (*Id.*)

Plaintiff filed this action for judicial review on November 14, 2019. (ECF No. 1.) On July 15, 2020, the Commissioner filed a Motion to Remand requesting that the court enter a judgment with an order of reversal remanding the case to the Commissioner for further administrative proceedings. (ECF No. 16.) Plaintiff filed a Response on August 12, 2020, asserting that the court should remand for an award of benefits rather than further administrative proceedings. (ECF No. 19.)

In the Report, the Magistrate Judge recommends that the court grant the Commissioner's Motion to Remand and direct the Commissioner on remand to consider and evaluate the severity of Plaintiff's mental impairments, the medical opinions of record, Plaintiff's subjective complaints, and the findings in the Veterans Affairs ("VA") disability determination. (ECF No. 22 at 5.) The Magistrate Judge also recommends that the court direct the Commissioner to assess a new RFC, determine whether Plaintiff can perform other work existing in significant numbers in the national economy with the assistance of a vocational expert based on the new RFC, hold an expedited *de novo* hearing, and issue a prompt decision. (*Id.* at 5-6.) The Magistrate Judge

concluded that remand for further administrative proceedings was merited because "there are unresolved factual issues concerning the ALJ's analysis of the evidence in this case." (*Id.* at 4.)

The parties were apprised of their opportunity to file specific objections to the Report on August 18, 2020. (*Id.* at 7.) On August 19, 2020, Plaintiff filed an Objection to the Report. (ECF No. 23.) The Commissioner replied to Plaintiff's Objection on August 21, 2020. (ECF No. 27.) The Commissioner subsequently notified the court on August 24, 2020 of its intention not to file objections to the Report. (ECF No. 28.)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988,

990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III.  ANALYSIS

Plaintiffs contends that the Commissioner's final decision should be reversed with instructions to certify benefits on remand instead of remanded for further administrative proceedings. (ECF No. 23.) The Commissioner counters that "Plaintiff's sole objection should be denied because it merely repeats the identical argument that was already fully considered and properly rejected by the Magistrate Judge." (ECF No. 27 at 2.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019)

4

(restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes that Plaintiff's Objection restates an argument adequately addressed by the Report. (*See* ECF No. 22 at 3-6.) Moreover, Plaintiff's Objection substantively mirrors the arguments raised in prior briefing. Similarly to Plaintiff's Objection, Plaintiff's Response to the Commissioner's Motion to Remand argues that "the Commissioner's final decision should be reversed" and "remand for an award of benefits is the proper remedy." (ECF No. 19 at 1, 5.)

A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution...." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objection, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objection.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and incorporates it herein. Accordingly, the court **GRANTS** the Commissioner's Motion to Remand (ECF No. 16), **REVERSES** the decision of the Commissioner, and **REMANDS** the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The court directs the

Commissioner on remand to consider and evaluate the severity of Plaintiff's mental impairments, the medical opinions of record, Plaintiff's subjective complaints, and the findings in the VA disability determination. It also instructs the Commissioner to assess a new RFC, determine whether Plaintiff can perform other work existing in significant numbers in the national economy with the assistance of a vocational expert based on the new RFC, hold an expedited *de novo* hearing, and issue a prompt decision.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 18, 2021
Columbia, South Carolina